Wilson *vs.* The State of Georgia.

RILEY WILSON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

On the trial of an indictment for an assault with intent to murder, the jury may, if the evidence warrant it, find the defendant guilty of an assault, but it is not competent for the jury to find a verdict of an attempt to make an assault. There is no such crime, and the verdict is void.

Criminal law. Assault with intent to murder. Before Judge STROZER. Mitchell Superior Court. May Term, 1874.

Wilson was placed on trial for an assault with intent to commit murder, alleged to have been committed on April 3d, 1873, upon the person of one Solomon Davis. The jury found him "guilty of an attempt to make assault." A motion in arrest of judgment was made upon the ground that there was no such crime. The motion was overruled, and defendant excepted.

T. R. LYON; R. F. LYON, for plaintiff in error.

B. B. BOWER, solicitor general, for the state.

McCAY, Judge.

We are not clear that, under the evidence, the jury could have found the defendant guilty of even an assault. True, he presented his gun, but he announced an intention to shoot only, on condition, and we are inclined to think it was a con-

dition he had a right to impose. He was at his own house, and it does not clearly appear that the persons at the gate had any right to interfere with what was going on in the house. Be this as it may, the jury have not found any verdict for an assault. Plainly and in terms, they say they find him guilty of attempt to make an assault. The question is, can any judgment be entered upon such a verdict? Is it a legal verdict? Is there any such crime? The Code, section 4357, defines an assault to be "an attempt to commit a violent injury on the person of another." Under section 4712, to make out an attempt to commit a crime it must appear that the accused has done some act towards the commission of it, and either fail in the perpetration thereof, or be prevented or intercepted in executing the same. As an assault is itself an attempt to commit a crime, an attempt to make an assault can only be an attempt to attempt to do it, or to state the matter still more definitely, it is to do any act towards doing an act towards the commission of the offense. This is simply absurd. As soon as any act is done towards committing a violent injury on the person of another, the party doing the act is guilty of an assault, and he is not guilty until he has done the act. Yet it is claimed that he may be guilty of an attempt to make an assault, when, under the law, he must do an act before the attempt is complete. The refinement and metaphysical accumen that can see a tangible idea in the words an attempt to attempt to act is too great for practical use. It is like conceiving of the beginning of eternity or the starting place of infinity.

Judgment reversed.