A89A1240. STUBBS v. THE STATE.
(387 SE2d 619)

BENHAM, Judge.

This appeal is from appellant's conviction for operating a vehicle with defective equipment in violation of OCGA § 40-8-26. The evidence at trial showed that the turn signals on appellant's vehicle were not operative and that it was struck from the rear while making a left turn which appellant had signaled by use of a hand signal.

Appellant's argument on appeal, as it was at trial, is that a conflict between OCGA § 40-8-26 and OCGA § 40-6-124 prevents his conviction. OCGA § 40-8-25 requires that all motor vehicles manufactured after 1954 be equipped with mechanical or electrical turn signals. OCGA § 40-8-26 requires that the turn signals be maintained in good working condition. OCGA § 40-6-124 provides in subsection (a) that turn signals may be given either by hand or by signal lamps except as provided in subsection (b). That subsection reads as follows: "Any motor vehicle in use on a highway shall be equipped with, and a required signal shall be given by, signal lamps when the distance from the center of the top of the steering post to the left outside limit of the body, cap, or load of such motor vehicle exceeds 24 inches, or when the distance from the center of the top of the steering post to the rear limits of the body or load thereof exceeds 14 feet. The latter measurement shall apply to any single vehicle and also to any combination of vehicles." It was stipulated at trial that the measurements of appellant's vehicle were such as to exclude it from the ambit of subsection (b).

According to appellant, there is a conflict between OCGA §§ 40-8-26 and 40-6-124 (b) in that the former requires the maintenance in good order of signal devices on all motor vehicles and the latter excuses from that requirement vehicles of a certain size. He concludes, then, that since his vehicle was excused by § 40-6-124 (b) from the requirement of being eqiupped with signal lamps, he could not justly be convicted of violating § 40-8-26. We find that argument unavailing for the simple reason that its basic premise, that there is a conflict between the statutes, is incorrect.

" 'Penal laws should be construed strictly, but they should not be so construed as to defeat the obvious intention of the General Assembly.' [Cit.]" *Gazaway v. State*, 9 Ga. App. 194, 197 (70 SE 978) (1911). The obvious legislative intent of OCGA § 40-6-124 was to require that large vehicles use signal lamps to signal turns rather than using hand signals which might not be seen. Even construing the statute strictly against the State, we do not find it susceptible of the interpretation appellant has advanced. Limiting the use of hand signals in no way impacts on the requirement in OCGA § 40-8-26 that turn signals be maintained in working order. There being no conflict between the statutes, and the evidence demanding a finding that appellant operated his vehicle in violation of OCGA § 40-8-26, there was no error in finding appellant guilty. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 31, 1989.

*Cramer, Weaver & Edwards, Christopher C. Edwards*, for appellant.

*John T. Newton, Jr., Solicitor*, for appellee.