### S93A1642. LANGHAM v. THE STATE.
(438 SE2d 623)

HUNSTEIN, Justice.

Sheila Hawkins Langham was found guilty of the murder of her husband, Bryan Doyle Langham, and was sentenced to life imprisonment.[1] She appeals from the trial court's denial of her motion for a new trial.

1. The transcript reveals that appellant had been involved in an extra-marital affair with Jason Dyer for several months and had made statements to friends that she had to "get rid of" the victim and could accomplish this goal only by killing him. Appellant spent September 18, 1992 with Dyer, but left at 11:00 p.m., with a newly-sharpened knife she had borrowed from Dyer, in order to pick up the victim at his place of employment. Dyer testified that in response to appellant's phone call approximately three hours after her departure, he met appellant at a gas station, whereupon she told him that the victim was dead and that she had stabbed him in the neck after persuading him to cover his eyes in anticipation of a "surprise." The

---

[1] The homicide occurred between 11:00 p.m. and 1:30 a.m. September 18-19, 1992. Langham was indicted on October 1, 1992 in Whitfield County. She was found guilty on March 4, 1993 and was sentenced the same day. Her motion for new trial, filed April 2, 1993, was denied on May 11, 1993. A notice of appeal was filed on June 8, 1993. The appeal was docketed in the Court of Appeals on July 12, 1993, transferred to this Court on July 27, 1993, and docketed on July 30, 1993. This appeal was submitted for decision without oral argument on September 10, 1993.

medical examiner testified the victim suffered a stab wound to the neck which perforated several major blood vessels, as a result of which the victim bled to death.

Although appellant testified she stabbed the victim in self-defense after he began choking and threatening her, the credibility of her testimony was entirely within the province of the jury. *Young v. State*, 232 Ga. 176 (205 SE2d 307) (1974). The evidence adduced was sufficient to enable a rational trier of fact to find appellant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that a non-responsive answer by a police officer, regarding his familiarity with appellant because of a prior arrest, was so flagrantly prejudicial as to violate her right to a fair trial. However, given the nature of the officer's testimony, the other evidence in this case, and the curative instructions of the trial court, we find no abuse of the trial court's discretion in denying appellant's motion for mistrial. *Farley v. State*, 260 Ga. 816 (4) (400 SE2d 626) (1991); *Sabel v. State*, 250 Ga. 640, 643-644 (5) (300 SE2d 663) (1983), overruled on other grounds, *Massey v. Meadows*, 253 Ga. 389 (321 SE2d 703) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 24, 1994.

*J. Tracy Ward*, for appellant.

*Jack O. Partain III, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General,* for appellee.