## S94A1319. JOHNSON v. THE STATE.
(449 SE2d 94)

CARLEY, Justice.

Appellant was indicted for two offenses: Misdemeanor stalking as defined in OCGA § 16-5-90 and burglary, the intended felony being aggravated stalking as defined in OCGA § 16-5-91. He moved to dismiss the indictment on the ground that the two stalking statutes are

---

unconstitutionally vague and over-broad, but the motion was denied. After a jury trial, guilty verdicts were returned. Appellant appeals from the judgments of conviction and sentences entered on the jury's guilty verdicts, enumerating as error the trial court's denial of his challenge to the constitutionality of OCGA §§ 16-5-90 and 16-5-91.[1]

1. A statute is unconstitutionally vague if it fails to give a person of ordinary intelligence notice of the conduct which is prohibited and encourages arbitrary and discriminatory enforcement. *Izzo v. State*, 257 Ga. 109, 110 (1) (356 SE2d 204) (1987). A statute is unconstitutionally over-broad if it reaches a substantial amount of constitutionally protected conduct. *State v. Miller*, 260 Ga. 669, 673 (2) (398 SE2d 547) (1990).

Appellant initially urges that the two stalking statutes are unconstitutional because they proscribe, in relevant part, the act of "contact[ing] another person . . . without the consent of the other person. . . ." According to appellant, this language is so vague that it potentially criminalizes "many examples of conduct which society considers to be normal everyday living in constitutionally protected areas." However, neither stalking statute broadly proscribes the mere act of making non-consensual contact with another person. To the contrary, both OCGA §§ 16-5-90 and 16-5-91 require, in relevant part, that the proscribed act of making non-consensual contact with another person be "for the purpose of harassing and intimidating the other person."

To "contact" is readily understood by people of ordinary intelligence as meaning "[t]o get in touch with; communicate with." American Heritage Dictionary (3d ed. 1992). Thus, the two stalking statutes do not prohibit the mere act of "get[ting] in touch with" or "communicat[ing] with" another person without consent, but plainly state that one is prohibited from doing so only for a "harassing and intimidating" purpose. As in *Constantino v. State*, 243 Ga. 595, 598 (1) (255 SE2d 710) (1979), the statutes at issue here prohibit the defendant from contacting another person "*intending* to harass [and intimidate] and the defendant certainly knows if he is doing that." (Emphasis in original.) See also *Monroe v. State*, 250 Ga. 30, 34 (1) (b) (295 SE2d 512) (1982).

Moreover, the term "harassing and intimidating" is further defined in OCGA § 16-5-90 as

---

[1] The misdemeanor stalking offense occurred between May 27 and June 7, 1993 and the burglary offense occurred on July 3, 1993. Appellant was indicted on October 28, 1993. The guilty verdicts were returned and the judgments of conviction were entered on January 26, 1994. Appellant's notice of appeal was filed on February 22, 1994 and the case was docketed in this court on May 25, 1994. Oral argument was heard on September 12, 1994.

> a *knowing and willful course of conduct* directed at a specific person which causes emotional distress by placing such person in reasonable fear of death or bodily harm to himself or herself or to a member of his or her immediate family, and which serves *no legitimate purpose.*

(Emphasis supplied.) The effect of this express statutory language is to narrow the definition of a "harassing and intimidating" purpose, so as to remove from the proscription of the two stalking statutes "those persons who have a legitimate purpose . . . , or those who only inadvertently" make non-consensual contact with another person. *Lemon v. State*, 235 Ga. 74, 76 (3) (218 SE2d 818) (1975). Thus, to the extent that the challenged statutes do proscribe communicative conduct, their restriction is clearly limited to a "knowing and willful" course of harassment and intimidation, "which is not protected expression under the First Amendment. [Cits.]" *State v. Miller*, supra at 673 (1).

2. Appellant further urges that the two stalking statutes are unconstitutionally vague and over-broad because they provide that "an overt threat of death or bodily injury" need not be made and they fail to require that the proscribed "harassing and intimidating" conduct cause *substantial* "emotional distress" to the victim.

A state legislature is not constitutionally precluded from defining prohibited "harassing and intimidating" conduct more broadly than the making of "an overt threat of death or bodily harm" or the causing of substantial "emotional distress." To the contrary, our General Assembly is clearly authorized to enact statutes "intended to protect the citizens of Georgia from intimidation, violence, and *actual and implied* threats. . . ." (Emphasis supplied.) *State v. Miller*, supra at 672 (1). Although the stalking statutes which our General Assembly has chosen to enact do not specifically require that the proscribed conduct constitute an "overt threat" or cause substantial "emotional distress," they do specifically require that such conduct place the victim "in reasonable fear of death or bodily harm to himself or herself or to a member of his or her immediate family." The statutes are not unconstitutionally vague because a person of ordinary intelligence can readily appreciate what action, in a given context, will constitute "harassing and intimidating" conduct on his part sufficient to provoke a "reasonable fear of death or bodily harm" in another person. The statutes are not unconstitutionally over-broad, since they do "not reach a substantial amount of constitutionally protected conduct." *State v. Miller*, supra at 674 (2).

*Judgments affirmed. All the Justices concur.*

Decided October 31, 1994.

Steven A. Cook, for appellant.

Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, D. Victor Reynolds, Assistant District Attorneys, for appellee.