## A95A0810. ROOKS v. THE STATE.
(458 SE2d 667)

McMURRAY, Presiding Judge.

Defendant was charged in an indictment with making harassing telephone calls, impersonating a public officer or employee, and criminal attempt to commit aggravated stalking. The evidence at his jury

trial showed the following: The victim in each case is defendant's former wife. They have been divorced for ten years. Their daughter is now 20 years old. On September 17, 1993, the victim received a telephone call at work. When she answered, a voice asked her by name: "[I]s [her daughter] pregnant?" The victim said "What?" and the caller repeated the question. The victim then hung up the telephone. She recognized the caller's voice as that of defendant, her former husband. On October 27, 1993, defendant again called his former spouse at work and asked her: " 'Are you the one with the double chin and the pointed nose?' And then he slammed the phone down." That day, defendant "repeated that three times, maybe, and then [he would call but] wouldn't say anything, so [the victim] decided [to] get a warrant." When she returned to her office, defendant was still "calling within every few minutes." Ann Fulcher also recognized defendant's voice when one of these calls was "placed on a speaker phone[.]"

Defendant was acquitted of impersonating a public officer but found guilty of making harassing telephone calls and of criminal attempt to commit aggravated stalking. This appeal followed the denial of his motion for new trial. *Held*:

1. Defendant enumerates the denial of his motions to quash the indictment and to disqualify the entire district attorney's office because the Barrow County District Attorney, Tim Madison, personally "had an interest in the prosecution," in that he is the public officer defendant was accused of impersonating. To the extent they had any merit, these two enumerations are rendered moot by defendant's acquittal of that charge as alleged in Count 2 of the indictment. Accordingly, they will not be considered on appeal. OCGA § 5-6-48 (b) (3). But see *Timberlake v. State*, 246 Ga. 488, 500 (7) (271 SE2d 792).

2. In his third enumeration, defendant contends the evidence is insufficient to support his "conviction of Criminal Attempt to Commit Aggravated Stalking." We agree.

"A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. Pretermitting whether the evidence supporting defendant's conviction for harassing telephone calls completely "used up" (within the meaning of OCGA § 16-1-7 (a) (1)) all the evidence relied on to show defendant completed any "substantial step" toward the alleged attempt to commit aggravated stalking, we conclude that the crime of attempted stalking as alleged in Count 3 of the indictment is a legal impossibility.

A person commits the offense of "stalking" as proscribed by OCGA § 16-5-90 when he "places under surveillance, or contacts another person . . . for the purpose of harassing and intimidating the other person. . . . [T]he term 'harassing and intimidating' means a

knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear of death or bodily harm to himself . . . or to a member of his . . . immediate family, and which serves no legitimate purpose." This is in essence a common law assault, which by definition "is nothing more than an attempted battery. See Code [Ann.] § 26-1301 [now OCGA § 16-5-20 (a) (2)]." *Scott v. State*, 141 Ga. App. 848 (1), 849 (234 SE2d 685). "We know of no law authorizing the conviction for an attempt to commit a crime which itself is a particular type of attempt to commit a crime." *Porter v. State*, 124 Ga. App. 285, 286 (183 SE2d 631). "As an assault is itself an attempt to commit a crime, an attempt to make an assault can only be an attempt to attempt to do it, or to state the matter still more definitely, it is to do any act towards doing an act towards the commission of the offense. This is simply absurd. . . . The refinement and metaphysical accumen [sic] that can see a tangible idea in the words an attempt to attempt to act is too great for practical use. It is like conceiving of the beginning of eternity or the starting place of infinity." *Wilson v. State*, 53 Ga. 205, 206. See also *Patterson v. State*, 192 Ga. App. 449, 452 (4), 453 (385 SE2d 311) (physical precedent as to Division 4). Defendant's conviction for making harassing telephone calls as alleged in Count 1 is supported by ample competent evidence and is affirmed. OCGA § 16-11-39 (4). Defendant's conviction for criminal attempt to commit aggravated stalking as alleged in Count 3 is reversed.

*Judgment affirmed as to Count 1; judgment reversed as to Count 3. Andrews and Blackburn, JJ., concur.*

DECIDED JUNE 5, 1995 —
RECONSIDERATION DENIED JUNE 21, 1995 —

*Scott, Quarterman & Wells, Donald T. Wells, Jr.*, for appellant.
*Timothy G. Madison, District Attorney, Deborah S. Wilbanks, Robin Riggs, Assistant District Attorneys*, for appellee.