## S95G1575. THE STATE v. ROOKS.

(468 SE2d 354)

FLETCHER, Presiding Justice.

A jury convicted Ricky Rooks of criminal attempt to commit aggravated stalking. The Court of Appeals reversed the conviction.[1] We granted certiorari to consider the Court of Appeals ruling that criminal attempt to commit stalking is a legal impossibility. Because stalking is a distinct crime that is committed by the performance of specified acts, we reverse and hold that the attempt to commit the acts proscribed by the stalking statute is punishable as a criminal offense.

The evidence at trial showed that Rooks began making harassing and bizarre phone calls to his ex-wife in September 1993. One month later she swore out a criminal warrant against him. The magistrate judge granted Rooks a special condition bond, which provided that Rooks was to have "absolutely no contact with the victim or victim's family." Approximately two weeks later, Rooks called his ex-wife's office, spoke to a co-worker, identified himself as the district attorney and asked personal questions about his ex-wife. The following day he attempted to telephone his ex-wife at work several times but she was out-of-town and so he was unable to make contact with her. He spoke with her co-workers and told one to tell his ex-wife "that when she gets home she can't get in." He told another "you ought to know that you're going to be a witness" after refusing to identify himself.

1. In reversing Rooks' conviction, the Court of Appeals reasoned that stalking is in essence an assault.[2] Because there is no such crime as an attempted assault, the Court of Appeals reasoned that attempted stalking is likewise a legal impossibility.[3] While we agree that there is no such crime as an attempted assault,[4] we disagree that stalking is merely an assault crime. In recent years states have begun to enact stalking laws in response to the increase in stalking behavior and the ineffectiveness of traditional criminal statutes in preventing

---

[1] 217 Ga. App. 643 (458 SE2d 667) (1995). The Court of Appeals affirmed Rooks' conviction for making harassing telephone calls.

[2] Id. at 645.

[3] Id.

[4] *Wilson v. State,* 53 Ga. 205 (1874).

and curtailing this behavior.[5] Georgia's stalking law, OCGA § 16-5-90, mirrors this trend by proscribing intentional actions not covered by the assault statutes.

Under OCGA § 16-5-90 a person commits stalking when with a specific intent he "follows, places under surveillance, or contacts another person." Aggravated stalking is the same behavior when done in violation of a judicial order prohibiting such conduct.[6] Generally, none of these actions would constitute an assault, which requires a demonstration of violence and a present ability to inflict injury.[7] The intent element of the stalking statute requires proof of intentional conduct that "causes emotional distress by placing such person in reasonable fear of death or bodily harm to himself or herself or to a member of his or her immediate family." This element differs from assault in two significant ways. The assault statute requires proof that the accused induced fear of an *immediate* violent injury.[8] The stalking law contains no immediacy requirement. Secondly, assault requires proof that the victim perceived the threat of violent injury to himself,[9] whereas stalking may be committed by inducing fear that the victim's family may be harmed. These differences in both the act and intent elements demonstrate that stalking is not "in essence a common law assault."

2. While assault and stalking may overlap in some circumstances, the rationale for not punishing an attempted assault does not apply to an attempted stalking. In refusing to recognize the crime of attempted assault, this Court stated that to attempt an assault is "to do any act towards doing an act towards the commission of the offense"[10] and noted the absurdity and impracticality of criminalizing such behavior. To attempt to stalk, however, is to attempt to follow, place under surveillance or contact another person. It is neither absurd nor impractical to subject to criminal sanction such actions when they are done with the requisite specific intent to cause emotional distress by inducing a reasonable fear of death or bodily injury.

3. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact

---

[5] See *Stalking the Stalker: Developing New Laws to Thwart Those Who Terrorize Others*, 27 Ga. L. Rev. 285, 287, 295-297 (1992).

[6] OCGA § 16-5-91.

[7] *Johnson v. State*, 158 Ga. App. 432, 433 (280 SE2d 856) (1981).

[8] See, e.g., *Hamby v. State*, 173 Ga. App. 750 (328 SE2d 224) (1985) (reversing assault conviction where defendants were abusive and threatened gas station attendant because attendant was 70 feet away from defendants and they fled when police were called); *Hudson v. State*, 135 Ga. App. 739 (218 SE2d 905) (1975) (reversing assault conviction where defendant made threat he was going to go to back room of house to get gun because threat induced fear of future injury).

[9] *Johnson*, 158 Ga. App. at 433.

[10] *Wilson*, 53 Ga. at 206.

could have found Rooks guilty of attempted aggravated stalking.[11]
*Judgment reversed. All the Justices concur.*

SEARS, Justice, concurring.
I concur in the affirmance of Rooks' conviction for attempted stalking, the only offense for which Rooks was indicted. I write separately to state that I believe the evidence in cases such as this would authorize an indictment and conviction for the crime of stalking, as Rooks, by his repeated, bizarre phone calls to his ex-wife's place of work, was "following"[12] or "contacting"[13] his ex-wife within the meaning of OCGA § 16-5-90. To hold otherwise would defeat the clear purpose of the stalking statute[14] by permitting a stalker to intimidate and harass his intended victim simply by communicating his threats to third parties who (the stalker knows and expects) will inform the victim. A stalker should not be able to circumvent the stalking statute in this manner and obtain a lesser penalty for attempted stalking.

DECIDED APRIL 8, 1996.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney,* for appellant.
*Donald T. Wells, Jr.,* for appellee.

---

[11] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[12] "Follow" means "to go . . . or come after" or "to go after in pursuit." Webster's Third New International Dictionary, Unabridged (1961).

[13] "Contact" has been defined as "get[ting] in connection with." Webster's, supra.

[14] See *Stubbs v. State,* 193 Ga. App. 342, 343 (387 SE2d 619) (1989) (although criminal statutes should generally be strictly construed, they should not be construed so as to defeat the clear legislative intent).