A98A1894. LEMING v. THE STATE.
(510 SE2d 364)

Judge Harold R. Banke.

A jury convicted Richard Lamar Leming of possession of marijuana and possession of marijuana with intent to distribute. On appeal, Leming contests the denial of his motion to suppress and the sufficiency of the evidence.

The underlying case arose after a female clerk, working at an all-night convenience store, telephoned police to report a suspicious vehicle parked outside the store. The responding officer arrived at 5:30 a.m. within a minute of that call. After discovering Leming slumped behind the steering wheel, Officer Perry McCormick tapped on a car window to get Leming's attention. When Leming exited the vehicle, the officer explained that he had received a suspicious vehicle call and asked Leming whether he needed any help. Almost immediately, Leming appeared hostile and began waving his arms. While responding to questions, Leming slurred his speech and seemed incoherent and possibly under the influence of alcohol or another substance. According to McCormick, Leming seemed to be positioning himself to run. Notwithstanding the fact that the keys were dangling from the ignition switch, Leming claimed that his mother had dropped him off there and that he was awaiting a ride to work from a friend. After Leming became excited and belligerent, the officer and his back-up decided for their own safety to place Leming in handcuffs. During a pat-down search, police found a hypodermic syringe with a needle pointed upward in Leming's shirt pocket, a pill bottle and $126 in cash. After placing Leming inside a police cruiser, one officer noticed a green leafy substance on the floorboard lying in plain view. During a search of the vehicle, investigators discovered a brown paper bag containing several bags of individually wrapped

marijuana, a small set of scales, and a large soup spoon. Concerned that Leming may have overdosed on drugs, police summoned medical assistance. *Held*:

1. Leming contends that the trial court erred in admitting evidence obtained as a result of an illegal *Terry* stop and search.

When reviewing a trial court's ruling on a motion to suppress, we must construe the evidence most favorably toward upholding the court's findings and judgment unless they are clearly erroneous. *Ledford v. State*, 220 Ga. App. 272, 273 (469 SE2d 401) (1996). Since the trial court sits as the trier of fact, its findings are analogous to a jury verdict. *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990).

In performing their duties, officers may generally ask questions of individuals who are not "suspects," as long as the officers do not convey the message that compliance with their requests is mandatory. *State v. Willis*, 207 Ga. App. 76, 77 (427 SE2d 306) (1993). Conducting a limited investigatory inquiry of the occupant of a vehicle does not necessitate probable cause. *Mallarino v. State*, 190 Ga. App. 398, 401 (2) (379 SE2d 210) (1989).

Here, it is undisputed that an investigator sought to pursue a limited inquiry into the circumstances surrounding Leming's presence on the premises. But, while being asked routine questions, Leming became hostile causing the officers to become concerned about their personal safety. See *Reddin v. State*, 223 Ga. App. 148, 150 (2) (476 SE2d 882) (1996) (officers are entitled to take reasonable measures to ensure their own safety). Leming's threatening behavior, his apparent intoxicated and agitated condition, his possession of the syringe, and his implausible explanation for his presence behind the steering wheel constituted sufficient probable cause for a warrantless arrest. *Buffington v. State*, 229 Ga. App. 450, 451-452 (494 SE2d 272) (1997). See *Wright v. State*, 189 Ga. App. 441, 443 (1) (375 SE2d 895) (1988); *Johnson v. State*, 258 Ga. 506, 507 (2) (371 SE2d 396) (1988). The search of Leming's car was incident to that arrest. *Allison v. State*, 217 Ga. App. 580, 581 (1) (459 SE2d 557) (1995). Having considered the evidence in a manner favorable toward the trial court's finding, we cannot say that the denial of the motion to suppress was clearly erroneous. *Sutton v. State*, 223 Ga. App. 721, 722 (1) (478 SE2d 910) (1996).

2. We must reject Leming's challenge to the sufficiency of the evidence. Leming was in sole possession and control of a vehicle containing marijuana bags individually packaged for resale, a set of scales, and a spoon with residue. See *Coleman v. State*, 229 Ga. App. 642, 643 (494 SE2d 549) (1997). A State forensic chemist testified that the leafy material was marijuana weighing about 72.1 grams. A narcotics agent testified that based upon his training and experience the pack-

aging of the seven bags of marijuana was consistent with resale purposes. The drug agent confirmed that the scales confiscated were the type typically used by drug dealers to weigh marijuana. This evidence was sufficient within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to support the conviction for possession with intent to distribute.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED DECEMBER 9, 1998.

*Steven M. Ellis*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Bruce E. Roberts, Assistant District Attorney*, for appellee.