## A99A1214. JONES v. THE STATE.
(521 SE2d 883)

MILLER, Judge.

Dale E. Jones was convicted of the aggravated stalking of his former wife. Following the denial of his motion for new trial, Jones appeals.

Jones and the victim married on March 1, 1997, and divorced on October 7, 1997. On three occasions during this brief marriage, Jones physically abused the victim. During the first incident in May, Jones knocked the victim to the floor, tried to choke her, and held a gun to her head saying that he was "going to blow [her] away." The victim testified that she believed that he would have shot her but that he was unable to release the gun's safety. On two subsequent occasions, Jones struck her while she was driving their car. Based on the physical abuse, the victim obtained a family violence temporary protective order on June 16, 1997. This order required that Jones "stop [harassing], abusing, or interfering with [her] at [her] residence, workplace or any other place [she] may lawfully be." The protective order became permanent for six months on July 8.

After being served with the temporary protective order, Jones telephoned the victim's home at least 22 times, causing her to have her number changed. From late June until the time of arrest in early August, Jones repeatedly called the victim's workplace and residence. Several co-workers from the nursing home where the victim worked as a registered nurse recounted telephone calls threatening physical violence made by Jones after the protective order became effective. Doug Anderson, the nursing home administrator, testified that his staff took Jones' threats of physical violence seriously even to the point of almost refusing to report to work. Anderson testified that Jones disrupted business by calling as many as 50 times on a single day. On the advice of police, Anderson implemented certain precautions to foreclose possible violence. BellSouth traced incoming calls to the nursing home and documented numerous hang-up calls initiated by Jones. When the victim refused to accept calls from Jones at work, Jones increased the frequency of his calls and became more threatening and abusive. She testified, "it finally got to the point where I had to take at least one call a day from him or we couldn't get any work done." A co-worker attested that on one occasion, Jones called and specifically instructed that she tell the victim, "I'll be over there in the morning, I'm going to scatter her brains all over the nursing home. [S]he knows I'll do it, I was in Vietnam, she knows I'll do it." The accusation charged Jones with the commission of aggravated stalking between June 25 and August 12.

1. Jones contends that the trial court erred in admitting any of the similar transaction evidence.

On appeal, a trial court's decision to admit similar transaction evidence will be upheld unless clearly erroneous. *Rehberger v. State*, 235 Ga. App. 827, 829 (2) (510 SE2d 594) (1998). Similar transactions need not be identical to the offense being tried but must show sufficient similarity or connection between the independent incidents and the offense at issue. *Brooks v. State*, 230 Ga. App. 846, 847 (1) (498 SE2d 139) (1998).

In this case, the court conducted the pretrial hearing required by Uniform Superior Court Rule 31.3 (B) to decide the admissibility of six allegedly similar incidents. The State sought to introduce the three incidents of physical abuse described briefly above and three incidents in mid-June where Jones disregarded the protective order. The court determined that these prior incidents in which Jones either had subjected the victim to physical abuse or had attempted to harass or intimidate her were admissible to show Jones' "motive, scheme, course of conduct." The court found sufficient similarity and a legitimate purpose for their admission. Inasmuch as Jones failed to show that the trial court clearly erred in making its findings, we find no grounds for reversal. *Evans v. State*, 235 Ga. App. 577, 581 (3) (510 SE2d 313) (1998); see *Rodriguez v. State*, 211 Ga. App. 256, 259 (4) (b) (439 SE2d 510) (1993).

2. Jones contends that the evidence was insufficient to sustain his conviction because it showed at most merely an attempt to commit aggravated stalking. We disagree. Compare *State v. Rooks*, 266 Ga. 528, 529 (2) (468 SE2d 354) (1996) (offense of attempted aggravated stalking committed where defendant unable to make actual contact with victim).

The accusation charged Jones with the commission of aggravated stalking between June 25 and August 12. One form of aggravated stalking under OCGA § 16-5-91 (a) occurs when a person makes non-consensual contact with another person "for the purpose of harassing or intimidating the other person," notwithstanding a protective order precluding such contact. *Durant v. State*, 222 Ga. App. 872, 873 (1) (476 SE2d 641) (1996). Contact, in this context, means to get in touch with or to communicate with. *Wright v. State*, 232 Ga. App. 646, 647 (1) (502 SE2d 756) (1998). The terms harassing or intimidating mean " 'a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear of death or bodily harm to . . . herself . . . and which serves no legitimate purpose.' " *Durant*, supra at 873-874 (1); see *Fly v. State*, 229 Ga. App. 374, 376 (1) (494 SE2d 95) (1997). Overt threats of bodily harm are not required.

Here, a protective order required Jones to refrain from all harassment of his spouse. Notwithstanding that order, Jones continued to telephone the victim at her work and home, communicating

threatening messages patently designed to inflict fear of violent injury and which served no legitimate purpose whatsoever. *Johnson v. State*, 264 Ga. 590, 592 (1) (449 SE2d 94) (1994); see *Robinson v. State*, 216 Ga. App. 816 (1) (456 SE2d 68) (1995) (victim feared for her life after enduring threatening telephone calls and other misdeeds). This evidence was sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to sustain Jones' conviction for the crime of aggravated stalking.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 30, 1999.

*James I. Collins, Jr.*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Elizabeth A. Overcamp, Assistant District Attorney*, for appellee.