## A99A1364. JAGAT v. THE STATE.
(525 SE2d 388)

BARNES, Judge.

Rajpaul Jagat appeals his convictions for one count of stalking (OCGA § 16-5-90) and two counts of aggravated stalking (OCGA § 16-5-91) of his ex-wife. Jagat contends that the State failed to prove beyond a reasonable doubt that he violated a pretrial release order and that the State also failed to prove beyond a reasonable doubt that he was near his ex-wife's house to harass or intimidate her. Jagat further contends the trial court erred by denying his motion for a new trial which was based on these allegations. We disagree and affirm.

Viewed in the light most favorable to the verdict, the evidence showed that in 1969 Jagat and the victim married in South America and that it was an arranged marriage. Within three weeks after their marriage, Jagat began beating and abusing the victim. In her trial testimony, the victim described numerous incidents of physical abuse and violence by Jagat during their 25-year marriage.

After enduring years of mistreatment, the victim sought a divorce, notwithstanding Jagat's threats to kill her if she ever left him. Although expressly prohibited from doing so by their divorce decree, Jagat continued to contact his ex-wife; he repeatedly came by her home and telephoned her at work. Further, even though the victim left the area for about a year, Jagat resumed the harassment when she returned.

After Jagat knocked on her car window as she was in her own driveway, the victim obtained a warrant for stalking. Jagat was arrested and when he was released, a special condition of his bond stated:

> The defendant shall stay away, absolutely, directly or indirectly, by person, telephone, messenger or any other means of communication from [name of former spouse] hereinafter referred to as victim. That includes, but is not limited to, the victim's home, school, and place of business or routes of travel to or from those locations.

When Jagat returned to her house yet again, the victim called police, who then arrested Jagat outside her home.

Notwithstanding these two arrests and the conditions of the

bond, Jagat continued to call the victim, visit her home and ring the doorbell or try to open the garage door. Often Jagat would drive by or sit in his vehicle and watch the house. The victim also testified that she was afraid of Jagat.

Although Jagat was again released on a bond with the same special conditions as stated above, Jagat was taken into custody near the victim's home when a police officer responded to a suspicious person call from a neighbor and arrested Jagat who was sitting in a parked car near his ex-wife's home. Jagat admitted to the officer that he had been to the house and peeked inside the garage looking for her car. As Jagat's enumerations of error concern only his conviction for this offense, his other convictions are not affected by this appeal.

1. The applicable essential elements of aggravated stalking are: (1) violation of a bond posted pursuant to OCGA § 17-6-110, (2) which prohibits following, placing under surveillance, or contacting another person, (3) without the consent of that person, and (4) for the purpose of harassing and intimidating that person. OCGA § 16-5-91 (a). See *Durant v. State*, 222 Ga. App. 872, 873 (1) (476 SE2d 641) (1996). The terms harassing or intimidating mean " 'a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear of death or bodily harm to . . . herself . . . and which serves no legitimate purpose.' " Id. at 873-874 (1); see *Johnson v. State*, 264 Ga. 590, 591 (1) (449 SE2d 94) (1994). Overt threats of bodily harm are not required. *Fly v. State*, 229 Ga. App. 374, 376 (1) (494 SE2d 95) (1997).

The evidence presented was sufficient to prove that Jagat violated the terms of the release order, and that he did so intending to harass or intimidate the victim. Although the victim was unaware of Jagat's presence when he was arrested near her home, he admitted that earlier that day he was on her property looking in the garage windows. That evidence was sufficient to prove that he violated the release order and was also sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to sustain Jagat's conviction for aggravated stalking. See OCGA § 16-5-91 (a).

2. The motion for new trial based upon the alleged insufficiency of the evidence was properly denied. *Clay v. State*, 214 Ga. App. 160, 161 (1) (447 SE2d 156) (1994).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 16, 1999.

*Sharon L. Hopkins*, for appellant.

■■■■■■■■    ■■■

*Daniel J. Porter, District Attorney, Annette S. Malena, Assistant District Attorney*, for appellee.