## A01A0107. HIGHTOWER v. THE STATE.
### (548 SE2d 473)

MILLER, Judge.

A jury found David Hightower guilty of failure to maintain lane, trafficking in cocaine, and violating the Georgia Controlled Substances Act by possessing cocaine with the intent to distribute. He appeals his convictions, contending that the trial court erred in denying his motion to suppress evidence of the contraband and paraphernalia found in his automobile and in admitting a videotape of the arrest at trial.

In reviewing the grant or denial of motions to suppress or motions in limine, we construe the evidence to uphold the trial court's findings and judgment.[1] So construed, the evidence shows that after a police officer observed a Honda vehicle weave across the center turn line and the white dotted line, he stopped the automobile and activated the patrol car's videocamera. Standing beside the Honda, the officer saw that the male passenger seated in the rear had a cup of beer. The officer also smelled alcohol on Hightower, who was driving the vehicle, and an alco-sensor test indicated the presence of alcohol on his breath. A check on Hightower's license revealed that it was suspended.

Hightower consented to a search of the Honda, and the front female passenger and the back male passenger exited the automobile. Hightower then withdrew his consent, and the officer arrested him for DUI, driving on an invalid license, and open container.[2] Another officer who had arrived as backup was standing near the Honda's back door that had been left open. When he looked at the rear floorboard, the backup officer saw protruding from underneath the front passenger seat a plastic bag containing approximately 15.5 grams of a white powdery substance and retrieved it. The patrol officer informed Hightower that he was also arrested for possession of cocaine and placed him in the back of his patrol car. The two officers on the scene then searched the vehicle and further discovered two crack cocaine rocks and cocaine-related production and distribution paraphernalia.

The patrol officer testified that because of the "sizable amount of cocaine" and a possible seizure of the Honda, he called for the narcotics unit. Assistance arrived, and the narcotics officers conducted an inventory search of the vehicle. They found additional cocaine and

---

[1] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994); *Leming v. State*, 235 Ga. App. 710, 711 (1) (510 SE2d 364) (1998).

[2] Ultimately, the officer did not charge Hightower with DUI, and the trial court entered a nolle prosequi to the charges of driving without a license and possession of an open container.

related paraphernalia throughout the vehicle, including sandwich bags, Epson salts, and a sifter with residue on it.

The female passenger had suspected cocaine underneath her fingernails, and her purse contained a dollar bill with traces of suspected cocaine. And the male passenger's pants pocket contained suspected crack cocaine.

After officers later removed Hightower from the patrol car, there were 37 small plastic bags, each containing suspected crack cocaine, that weighed a total of approximately 17.7 grams on the backseat of the officer's patrol car. The bags had not been there before Hightower's arrest. A forensic chemist tested all suspected substances and found that they tested positive for cocaine.

1. On appeal, Hightower contends that the trial court erred in denying his motion to suppress evidence of the contraband and in playing the videotape of the arrest at trial. Hightower, however, waived contesting admission of the evidence when his attorney affirmatively stated that she had "no objection" when the State tendered the videotape and most of the items of evidence at trial.[3] Those few items counsel did object to were objected to on grounds different from those asserted on appeal. Thus, we do not review the new grounds asserted on appeal.[4]

2. Even if we considered the merits, the record shows that after a hearing the trial court found that the officer lawfully stopped Hightower for failure to maintain his lane, that Hightower initially consented to a search of the Honda, and that although Hightower later withdrew his consent, the backup officer saw the contraband in plain view. Hightower argues that the contraband was not in plain view, but we must accept the trial judge's factual and credibility determinations made after the suppression hearing unless such determinations are clearly erroneous.[5] Here, the officer's testimony and the videotape support the trial court's findings, and thus the findings are not clearly erroneous.

Hightower also argues that the impoundment was not reasonable, claiming that a person was present, authorized, and capable of safely removing the vehicle. As found by the trial court, the officers' initial search followed the "plain view" finding of the 15 grams of cocaine and was a search incident to a lawful arrest, which they were clearly authorized to do.[6] The impoundment and subsequent inven-

---

[3] *Dyer v. State*, 233 Ga. App. 770, 771 (505 SE2d 71) (1998) (affirmatively stating there is no objection waives issue previously contested in motion to suppress).

[4] *Williams v. State*, 234 Ga. App. 191, 195 (6) (506 SE2d 237) (1998).

[5] *Tate*, supra, 264 Ga. at 54 (1); *Leming*, supra, 235 Ga. App. at 711 (1).

[6] *Polke v. State*, 241 Ga. App. 891, 893 (2) (528 SE2d 537) (2000); see *Vega v. State*, 236 Ga. App. 319, 320 (512 SE2d 65) (1999); *State v. Haddock*, 235 Ga. App. 726, 728 (1), n. 2 (510 SE2d 561) (1998).

tory search were also valid, since the vehicle at that point was subject to possible seizure as property used to facilitate illegal drug distribution.[7]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED MAY 7, 2001.

*David C. Butler,* for appellant.
*Patrick H. Head, District Attorney, Maria B. Golick, Thomas A. Cole, Assistant District Attorneys,* for appellee.

