## A02A2262. MURDEN v. THE STATE.
(574 SE2d 657)

MILLER, Judge.

Johnny Murden was convicted on two counts of aggravated stalking based on his contacting his ex-wife in violation of a probation condition. He appeals, arguing that the evidence was insufficient to sustain the convictions and that the court erred in admitting two civil protective orders that had earlier prohibited him from contacting his ex-wife. We hold that the evidence was sufficient and that the court did not abuse its discretion in admitting the prior protective orders, and we therefore affirm.

Following his divorce, Murden burglarized his ex-wife's residence with the intent to rape her and also repeatedly contacted and threatened her over several months, resulting in two civil protective orders restraining him from contacting her. In 1993, he pled guilty to the burglary and received a five-year probated sentence, in which a condition of probation was that he not contact his ex-wife during those five years.

In August 1994, Murden phoned and spoke to his ex-wife, came to her workplace asking for her, phoned her workplace numerous times asking for her, and came to her residence carrying a gun. In May 1997, he confronted her face to face at her workplace (bearing a knife in his pocket and telling her he wanted her "to go to heaven" with him), called her repeatedly that night, and was near the entrance of her workplace the next morning. Two separate indictments for aggravated stalking followed.

At trial the State tendered the two prior protective orders to show Murden's course of conduct and to explain his ex-wife's fear of him. The trial court admitted the orders over Murden's objection. Convicted on both charges, Murden unsuccessfully moved for a new trial. He now appeals.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

OCGA § 16-5-91 (a) provides:

A person commits the offense of aggravated stalking when such person, in violation of a . . . condition of probation . . . in effect prohibiting the behavior described in this subsection, follows, places under surveillance, or contacts another

person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person.

The terms "harassing and intimidating" mean a knowing and wilful course of conduct directed at a specific person, which causes emotional distress by placing such person in reasonable fear for such person's safety and which serves no legitimate purpose. OCGA § 16-5-90 (a) (1); see *Hooper v. State*, 223 Ga. App. 515, 517 (2) (478 SE2d 606) (1996). Prohibited contact may include phone contact. See *Jones v. State*, 239 Ga. App. 733, 734-735 (2) (521 SE2d 883) (1999).

Here Murden caused his ex-wife great distress by repeatedly contacting her in violation of the probation condition. Following numerous instances of contacting and threatening her (resulting in two protective orders), Murden was sentenced to probation for his burglary of her residence and was prohibited from contacting her as a condition of probation. Nevertheless, in August 1994 and over her objection, he called her at her home, came to her workplace asking for her, called her workplace numerous times asking for her, and came to her residence carrying a gun. Beyond the direct phone contact, the other indirect contacts also qualify to establish a scheme of prohibited behavior. See *Jagat v. State*, 240 Ga. App. 822, 823 (1) (525 SE2d 388) (1999); *Wright v. State*, 232 Ga. App. 646, 647 (1) (502 SE2d 756) (1998). In May 1997, he confronted her face to face at her workplace (bearing a knife in his pocket and telling her he wanted her "to go to heaven" with him), called her repeatedly that night, and was near the entrance of her workplace the next morning. Viewed in the light most favorable to the verdict, this evidence was sufficient to sustain Murden's convictions on two counts of aggravated stalking. See *Wright*, supra, 232 Ga. App. at 647 (1).

Murden argues that the State failed to show that he followed, placed under surveillance, *and* contacted the victim as alleged in the indictments. However, despite the fact that "the indictment was formed in the conjunctive, proof that [Murden] committed the crime by any of the methods charged would form a basis for upholding his conviction. [Cits.]" *Bell v. State*, 252 Ga. App. 74, 78 (3) (555 SE2d 747) (2001); see *Stone v. State*, 229 Ga. App. 367, 370 (1) (b) (494 SE2d 48) (1997).

2. Citing *Johnson v. State*, 231 Ga. App. 823, 824 (2) (499 SE2d 145) (1998), Murden argues that the court erred in admitting the civil protective orders. He reasons that these civil judgments (subject to a lesser standard of proof) were improperly used to establish facts in this criminal action.

Murden misapprehends the purpose for which the orders were admitted. The findings of the orders themselves were not used to

establish the facts of this criminal case. The court carefully instructed the jury to consider the existence of the protective orders only for the purpose of possibly establishing Murden's course of conduct. Such would help to show the reasonableness of the ex-wife fearing for her safety when approached by Murden, who had a history of threatening conduct that resulted in protective orders against him. Since the admissibility of evidence is a matter resting largely within the discretion of the trial court, *Simms v. State*, 223 Ga. App. 330, 333 (2) (477 SE2d 628) (1996), we hold that the trial court did not abuse that discretion in admitting these two protective orders.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 25, 2002

*Zell & Zell, Rodney S. Zell*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Amira A. Arshad, Assistant District Attorneys*, for appellee.