A07A0578. SHAFER v. THE STATE.
(647 SE2d 274)

BERNES, Judge.

A Catoosa County jury convicted Rex B. Shafer of two counts of aggravated stalking. On appeal from the denial of his amended motion for new trial, Shafer contends that the trial court erred by allowing a state witness to testify on the ultimate issue and by allowing the state to introduce a letter allegedly written by Shafer without proper authentication. Shafer further contends that he received ineffective assistance from his trial counsel. For the reasons discussed below, we affirm.

On appeal of a criminal conviction, we view the evidence in the light most favorable to the verdict. See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). So viewed, the evidence adduced at trial reflects the following. The victim in this case is Shafer's mother-in-law. In March 1999, the victim was given temporary custody and control of Shafer's minor son, who was then 13 weeks old. After Shafer subsequently threatened the victim on several occasions and attempted to visit his son at daycare without the victim's knowledge or consent, the victim obtained a temporary protective

---

[16] *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371 (1) (601 SE2d 842) (2004).

order prohibiting Shafer from harassing or threatening his son or the victim. The protective order was entered on June 7, 2000.

On June 13, 2000, Shafer left a message on the victim's answering machine stating, "Thought I'd let you know, bitch, I'm comin' to get him. I am f***ing coming to get him. You can count on it. And I'm gonna whup your f***ing brains in, whore." Thereafter, on June 18, 2000, Shafer left five more answering machine messages stating, among other things, "You got my kid, I'm gonna beat your brains in whore. . . . Cause I'm gonna hurt you bitch. I'm gonna hurt you bad." According to the victim, the messages caused her to panic and made her afraid that Shafer was going to kidnap his son from her and hurt or kill her in the process.

Shafer subsequently was indicted on two counts of aggravated stalking based on the June 13 and 18 answering machine messages. At trial, the victim testified about what had occurred and about her prior difficulties with Shafer. In addition, the state introduced audio tapes and written transcripts of the answering machine messages, as well as evidence of similar incidents against another victim in which Shafer left threatening and intimidating answering machine messages. Significantly, Shafer himself also took the stand and admitted to leaving the messages at issue, but testified that he was sorry for doing so and attempted to justify his actions by explaining that he had "lost [his] head over [his] son."

> A person commits the offense of aggravated stalking when such person, in violation of a . . . temporary restraining order, temporary protective order, permanent restraining order, [or] permanent protective order . . . follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person.

OCGA § 16-5-91 (a). The evidence set forth above was sufficient for a rational trier of fact to find Shafer guilty beyond a reasonable doubt of two counts of aggravated stalking. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Chatham v. State*, 280 Ga. App. 695, 696-697 (634 SE2d 856) (2006) (upholding aggravated stalking conviction based in part on harassing and intimidating phone calls); *Murden v. State*, 258 Ga. App. 585, 586 (1) (574 SE2d 657) (2002) (contact via telephone can be sufficient prohibited contact to serve as the basis for an aggravated stalking conviction).

1. During the state's case-in-chief, the state called to the stand the sheriff's deputy who interviewed the victim on June 18 and who reviewed the five answering machine messages left by Shafer on that date. On redirect examination, the state asked the deputy, "Based on

your training and experience, . . . in your discretion, do you feel that this string of phone messages amounted to an aggravated stalking in violation of the temporary protective order?" Over objection, the deputy answered, "Yes." Shafer argues that the trial court erred in allowing the deputy's testimony because it invaded the province of the jury by commenting on the ultimate issue for the jury's consideration, namely, whether he was guilty of the charged offense.

We agree with Shafer that the deputy's testimony was a comment on the ultimate issue that should not have been allowed. See *Fordham v. State*, 254 Ga. 59, 59-60 (4) (325 SE2d 755) (1985); *Grude v. State*, 189 Ga. App. 901, 903 (2) (377 SE2d 731) (1989); *Carroll v. State*, 185 Ga. App. 857, 859 (1) (366 SE2d 232) (1988). "Opinion testimony, such as that [at issue] in the present case, relates to the legal consequences of a given set of facts and is not admissible. . . . Where the only effect of testimony sought to be adduced is to elicit the opinion of the witness upon a question of law, and not one of fact, such testimony should be repelled." (Citation and punctuation omitted.) *Grude*, 189 Ga. App. at 903 (2). Nevertheless, the error in admitting the testimony was harmless, since Shafer admitted on the stand to leaving the answering machine messages for the victim such that "all the elements necessary to complete the offense of [aggravated stalking] were established virtually without dispute." *Carroll*, 185 Ga. App. at 859 (1). See also *Huntley v. State*, 271 Ga. 227, 228, 230 (5) (518 SE2d 890) (1999) (even if detective's testimony was an impermissible comment on an ultimate issue for the jury, it was harmless, given that defendant, who was charged with murder, took the stand and admitted to striking the victim first and hitting the victim with a brick). Shafer thus has failed to articulate a valid basis for reversal.

2. Shafer next contends that the trial court erred by allowing the state to introduce a letter allegedly written by Shafer without proper authentication. But, "[i]n order to preserve an objection upon a specific ground for appeal, the objection must be made at trial upon that specific ground." (Citations and punctuation omitted.) *Glover v. State*, 230 Ga. App. 795, 797 (1) (498 SE2d 300) (1998). At trial, defense counsel objected to the introduction of the letter only on the ground of relevance. Shafer therefore has waived on appeal any objection to the letter on the separate ground of improper authentication. See *Hightower v. State*, 249 Ga. App. 495, 496 (1) (548 SE2d 473) (2001); *Williams v. State*, 244 Ga. App. 26, 27 (2) (535 SE2d 8) (2000).

3. Finally, Shafer contends that his trial counsel rendered ineffective assistance by failing to move to quash the indictment prior to trial. Specifically, Shafer argues that his trial counsel should have moved to quash the indictment on the ground that the aggravated stalking counts were predicated upon an invalid protective order.

"To establish ineffective assistance of counsel, [Shafer] must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." (Citations and punctuation omitted.) *Williams v. State*, 218 Ga. App. 785, 788 (3) (463 SE2d 372) (1995). See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's finding that Shafer received effective assistance will not be disturbed unless clearly erroneous. *Williams*, 218 Ga. App. at 788 (3).

We find no clear error by the trial court. Here, Shafer does not argue that there was a defect on the face of the indictment justifying a motion to quash. Rather, his argument essentially is that the indictment should have been quashed because there was insufficient evidence to convict him, given the purported lack of a valid protective order being in place at the time he left the phone messages. Significantly, however,

> [u]nder Georgia law, a motion to quash is not a proper method for attacking an indictment or accusation for any defect not appearing on its face. Thus, the sufficiency of the evidence to prove the offense charged is not in issue on a motion to quash. As reasoned by the Supreme Court, we know of no rule of law that would permit an indictment to be quashed on the ground that the state's subsequent proof might not authorize a conviction for the offense charged in the indictment. Such a rule would be incapable of application for the reason that at this stage of the proceedings — post indictment, pre-trial — no one knows what the state's proof will show.

(Punctuation and footnotes omitted.) *Hughes v. State*, 266 Ga. App. 652, 655-656 (3) (b) (598 SE2d 43) (2004). See also *Harbuck v. State*, 280 Ga. 775, 777-778 (2) (631 SE2d 351) (2006); *Kirkland v. State*, 206 Ga. App. 27 (1) (424 SE2d 638) (1992); *State v. Pattee*, 201 Ga. App. 690, 692 (411 SE2d 751) (1991). Accordingly, Shafer's trial counsel committed no error in failing to file a pre-trial motion to quash the indictment on the ground that the underlying protective order was invalid. *Phillips v. State*, 278 Ga. App. 439, 444 (2) (b) (629 SE2d 130) (2006) (trial counsel not deficient for failing to pursue meritless motions). Moreover, the record reflects that Shafer's trial counsel did in fact argue that there was insufficient evidence of a proper protective order being in place through a motion for directed verdict after the close of the state's case-in-chief and in a renewed motion for directed verdict at the end of trial. Under these circumstances, Shafer cannot show that his trial counsel was deficient and hence cannot succeed on his ineffective assistance claim.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED MAY 9, 2007 —
RECONSIDERATION DENIED JUNE 8, 2007 —

*Jennifer E. Hildebrand,* for appellant.

*Herbert E. Franklin, District Attorney, Bruce E. Roberts, Assistant District Attorney, Carlock, Copeland, Semler & Stair, Edward T. McAfee,* for appellee.