### 5103. ALLEN *v.* THE STATE.

"In a criminal case in which the guilt of the defendant is wholly dependent on circumstantial evidence the jury should be instructed that if the proved facts are consistent with innocence, the defendant is entitled to an 'acquittal.'" *Riley* v. *State*, 1 *Ga. App.* 651 (57 S. E. 1031).

DECIDED OCTOBER 28, 1913.

Accusation of gaming; from city court of Houston county— Judge Riley. June 10, 1913.

*J. C. Smith, W. J. Wallace,* for plaintiff in error.

*R. E. Brown, solicitor,* contra.

RUSSELL, J. The accused was indicted with a number of others for the offense of gaming. In our opinion the testimony as to his guilt was wholly circumstantial. The deputy sheriff, who was the main witness for the State, testified that he in company with Mr. Rowell, the chief of police of the City of Fort Valley, approached in sight of the alleged gamesters, and in his presence Mr. Rowell wrote down the names of all who composed two crowds of persons apparently engaged in gambling, except one man, whose name was unknown. Jesse Allen, the defendant, was in one of the gatherings of persons who were apparently gambling. This witness first testified, that he saw Allen playing in a game of cards for money; that Allen was playing in a game with others in a circle with him; "I saw him reaching over and picking up. I also saw him reaching over for his cards." But it very plainly appears that all of this was merely a conclusion of the witness, reached from a general survey of the surroundings, because he immediately follows this testimony with the statement: "I could not and did not see any cards or money in the defendant's hands."

We would be far from saying that this testimony would not authorize a conviction if the jury, from the circumstances detailed, had reached the conclusion evidently entertained by the witness; but this should not deprive the defendant of having accorded to him a trial strictly legal in every respect, nor obviate the necessity of the jury's taking into consideration the well-recognized rule of law that where the guilt of the accused is wholly dependent upon circumstances from which his guilt may reasonably be inferred, it is the duty of the jury to acquit, if the innocence of the accused may with equal reason be adduced from the circumstances in proof. In the present case the jury, under such an instruction, might have

concluded that the defendant stated the truth when he asserted that he did not know one card from another, or might have believed the number of witnesses who themselves admitted their guilt and yet testified that Jesse Allen did not participate in the game. The fact that the defendant cried out "Play down," and "Bet," does not necessarily compel the conclusion that he was anything more than a bystander, perhaps using the remark jocosely to those engaged in the game; nor does it necessarily follow from the fact that the defendant reached down in the circle that he was reaching after money or cards then being employed in an unlawful game. Of course we do not know what would have been the result if the jury had been properly instructed upon the law of circumstantial evidence, but the rulings of the Supreme Court and of this court are uniform to the effect that where the guilt of the accused depends entirely upon circumstantial evidence, it is the duty of the judge to call the special attention of the jury to that fact, and to instruct them that where there is any other theory arising from the evidence, consistent with innocence, which is as reasonable as that which points to guilt, the defendant should be acquitted. See *Weaver* v. *State,* 135 *Ga.* 320 (69 S. E. 488), and cit.; *Riley* v. *State,* 1 *Ga. App.* 651 (57 S. E. 1031), and cit.

The other exceptions in the motion for new trial are without merit.                                          *Judgment reversed.*