62440. WEATHERS v. THE STATE.

SHULMAN, Presiding Judge.

While at a fish fry, Donnie Odom and appellant's brother James began to fight. Several people, including appellant and another Weathers' brother, Bobby, came to the aid of the combatants. When the dust settled, Odom had suffered knife wounds on the arm and the stomach. Appellant and his brother Bobby were tried and convicted by a jury for the aggravated assault on Odom. In seeking reversal of the trial court's denial of his motion for a new trial, appellant asserts the general grounds, cites errors in the court's charge to the jury, and maintains that he was denied the effective assistance of counsel.

1. The state's evidence against appellant, although wholly circumstantial, was sufficient for a rational trier of fact to conclude that appellant was guilty beyond a reasonable doubt of an aggravated assault on Donnie Odom. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). While no one testified to having seen appellant cut the victim with a knife, one witness stated that he heard appellant say, "I'll fix him," as he pulled a knife out and ran toward the fight. Two other witnesses saw appellant's hand move toward the victim's stomach, and two witnesses recalled seeing a knife drop to the ground after appellant's arm was grabbed. Finally, the victim testified that he felt something "brush across" his stomach when appellant came in contact with him. He emphatically asserted his belief that he was cut on the arm by Bobby Weathers and on his stomach by appellant. Based on this evidence, the jury was authorized to conclude that appellant, armed with a knife, assaulted the victim.

2. Appellant maintains that his trial attorney did not render effective assistance of counsel. At a hearing held on his motion for a

new trial, appellant's wife testified that she had informed trial counsel of possible exculpatory and impeaching material, none of which was used at trial. Mrs. Weathers admitted that she did not know whether the attorney had acted upon her information.

In *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515), the Supreme Court adopted the following standard to determine the effectiveness of counsel: " 'We interpret counsel to mean not errorless counsel, and *not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective assistance.' " Id., p. 639. See also *Alderman v. State,* 241 Ga. 496, 511 (246 SE2d 642). In the present case, there was no evidence that trial counsel ignored Mrs. Weathers' information. Furthermore, appellant's trial counsel conducted an extensive voir dire examination on behalf of appellant and cross examined each of the state's six witnesses. While another lawyer, had he represented appellant upon his trial, might have conducted the defense in a different manner and might have exercised different judgments with respect to the information provided by Mrs. Weathers, the fact that the trial attorney chose to try the case in the manner in which it was tried and made certain decisions as to the conduct of the defense with which appellant and his present attorney now disagree, does not require a finding that the trial attorney was so inadequate as to amount to a denial of appellant's right to effective assistance of counsel. *Pitts v. Glass,* supra, p. 640. There was no error in denying appellant's motion for a new trial on this ground.

3. Appellant next asserts that the trial court failed to give a complete jury instruction regarding circumstantial evidence. Appellant maintains that the jury was not given the option to acquit him if they found that the circumstantial evidence against him supported a reasonable hypothesis other than that of guilty. While we agree with the principle of law enunciated by appellant (see *Allen v. State,* 13 Ga. App. 657 (79 SE 769)), that principle cannot serve as a basis for granting a motion for a new trial in the present case. In its charge to the jury, the trial court instructed that body that a conviction based on circumstantial evidence was warranted only if the evidence was consistent with guilt and excluded every other reasonable hypothesis. Such a charge adequately covered the *Allen* standard, and failure to use the word "acquit" in the charge was not reversible error.

4. Appellant also asserts that the trial court erred when it charged the jury on the culpability of each defendant as a party to the crime. Code Ann. § 26-801. Appellant urges that this charge allowed the jury to use a lower standard of proof to convict him than that required in a case wholly dependent upon circumstantial evidence.

Appellant's assertion is incorrect. After hearing the "parties to the crime" charge, the jury could convict appellant of aiding and abetting his brother in cutting the victim on the arm. Additionally, based on the circumstantial evidence presented at trial, the jury could convict appellant of cutting the victim on the stomach. Insofar as appellant was concerned, the "parties to the crime" instruction had nothing to do with the wound inflicted on the victim's stomach and did not reduce the standard of proof needed to prove that crime against appellant.

5. Apparently anticipating the above conclusion, appellant urges that the evidence does not show that there was time for appellant to agree to aid and abet his brother in the assault on the victim. However, " 'one in aiding and abetting another . . . may be mastered by the impulse, and his act may be the result of an intent entertained in common with another although there was no premeditation and no conspiracy.' " *Hanna v. State,* 125 Ga. App. 596, 600 (188 SE2d 401); *Pope v. State,* 13 Ga. App. 711, 713 (79 SE 909). It is not necessary that appellant have consulted with his co-defendant prior to the aggravated assault in order to find that appellant aided and abetted his brother in inflicting the knife wound on the victim's arm.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED OCTOBER 21, 1981 —
REHEARING DENIED DECEMBER 3, 1981.

*Jon Gary Branan,* for appellant.
*DuPont K. Cheney, District Attorney, Ken Carswell, Douglas A. Datt, Assistant District Attorneys,* for appellee.