64231. VENENGA v. THE STATE.

BIRDSONG, Judge.

Patricia Venenga appeals her conviction of aggravated assault for shooting her husband five times with a .22 caliber rifle and sentence of three years to be served in the state penitentiary. *Held:*

1. Appellant contends that the trial court erred in denying her motion for new trial on the ground that she was tried without adequate and effective representation of counsel. We have reviewed the trial transcript and find that appellant's claim of ineffective assistance of counsel is not substantiated therein.

The victim, Paul Venenga, testified that appellant without forewarning or provocation shot him five times from behind through the wrist, shoulder area and back, when he told her he was going to drive to the store to get a new hot rod magazine. According to his testimony and medical records introduced in evidence, his injuries resulted in partial paralysis of the lower extremities. The appellant's defense was that she shot the appellee in justifiable self-defense, being in fear of her life and her baby's life due to frequent beatings by her husband.

The claim of inadequacy of appellant's retained trial counsel, who does not represent her on appeal, is based upon performance in conducting the defense. Appellant cites her trial lawyer's inability to establish a history of violent physical abuse and injuries inflicted upon her by her husband to corroborate her explanation of the circumstances of the shooting. The transcript indicates that appellant's attorney, through inexperience or confusion, failed to lay a proper foundation for the admissibility of mistreatment even after obliging hints and explanations from the bench and opposing counsel. Appellant also complains that counsel failed to object to references to her eyes looking "as if she had taken Quaaludes," and made objections based on improper grounds, which were overruled, to references by the victim to her drinking and intoxication.

Appellant acknowledges that any one of these instances, if isolated, would not establish the ineffectiveness of counsel, but insists that based on the totality of the circumstances, the proof was adequate. Carbo v. United States, 581 F2d 91. The constitutional right to assistance of counsel insures not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515).

Our review of the trial transcript does not convince us that the appellant had a defense that was not presented. Although her attorney, a certified member of the bar, did not succeed in placing evidence of prior beatings of the appellant by the victim before the jury through other witnesses, appellant testified in detail about the beatings inflicted upon her both the day of the shooting and the day before. Counsel's requests to charge show that he understood appellant's defense was self-defense and researched the law, citing either a case or a statute for each request. The number of witnesses called by defense counsel showed that he investigated the facts, consulted with his client, and adequately prepared his case.

Appellant's attorney filed pre-trial motions. At trial counsel conducted an appropriate examination of the appellant, cross examined the state's witness, called numerous defense witnesses, objected often, presented surrebuttal witnesses to rebut the state's rebuttal witnesses, and gave closing arguments. While another lawyer might have conducted the trial differently, even perhaps more expertly, we conclude that the appellant was not denied meaningful assistance of counsel. Accord, *McDuffie v. Jones,* 248 Ga. 544 (4) (283 SE2d 601); *Berryhill v. Ricketts,* 242 Ga. 447 (3) (249 SE2d 197); *Weathers v. State,* 160 Ga. App. 581 (2) (287 SE2d 565); *Harrell v. State,* 139 Ga. App. 556 (2) (228 SE2d 723).

2. Appellant's counsel objected to remarks by the victim

regarding appellant's drinking habits and drug use on the ground that they placed her character in evidence and enumerates as error the admission of this testimony. We do not agree. Evidence of the appellant's condition at the time of the shooting was relevant and admissible to "elucidate the facts with which [her acts] were connected." *Andrews v. State,* 249 Ga. 223, 227 (290 SE2d 71). Accord, *Chambers v. State,* 154 Ga. App. 620 (5) (269 SE2d 42). Nor were the comments and innuendos regarding appellant's intoxication or drug use in general so prejudicial or irrelevant as to impermissibly place her character in evidence, since the nature of the case involved an explanation of her behavior, thereby rendering " 'necessary and proper the investigation thereof. [Cits.]' " *Hartley v. State,* 159 Ga. App. 157, 161 (4) (282 SE2d 684).

3. It was not necessary, as asserted by appellant, for a foundation to be laid for admitting in evidence hospital records of the victim by offering testimony of the examining doctor or medical personnel who prepared the records. The records in question were certified as accurate by the custodian of the treating hospital, and contained no inadmissible hearsay evidence. "Medical records, or reproductions thereof, when duly certified by the custodians thereof, need not be identified at the trial and may be used in any manner in which records identified at the trial by the custodian could be used." Code Ann. § 38-713 (a). See *Moody v. State,* 244 Ga. 247 (4) (260 SE2d 11); *Dennis v. Adcock,* 138 Ga. App. 425 (1, 2) (226 SE2d 292). We find no reversible error for any reason assigned.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JULY 16, 1982.

*B. Keith Rollins,* for appellant.
*William A. Foster III, District Attorney, Jeff Richards, Assistant District Attorney,* for appellee.