### A99A2237. NOLLEY v. THE STATE.
(523 SE2d 579)

RUFFIN, Judge.

Priscilla Ann Nolley was convicted of aggravated assault for stabbing James Barnes with a knife. She appeals, contending that the trial court should have granted her motion for directed verdict. Because the evidence was sufficient to support the verdict, we affirm.

In reviewing the denial of a motion for directed verdict of acquittal, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine whether the evidence was sufficient to enable any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though

---

[25] Compare *Hanifa v. State*, 269 Ga. 797, 798, n. 2 (505 SE2d 731) (1998); *Wells*, supra, 222 Ga. App. at 588-589 (3).

contradicted, to support each fact necessary to make the State's case, we will uphold the verdict.[1]

Officer Mark Jones testified that, on the night of September 18, 1993, he responded to a call about a stabbing at a trailer park in Covington. Upon arrival at the scene, he found Barnes sitting on the door steps of his trailer, bleeding from a large cut on his head. Barnes told Jones that Nolley had stabbed him with a kitchen knife.

Barnes testified that he and Nolley lived together and had gotten into an argument while drinking. According to Barnes, he would not let Nolley leave the trailer — "that's the reason I got stabbed because I didn't want her to leave." When asked what he was doing when he was stabbed, Barnes testified, "I was trying to keep her from leaving." After being shown a copy of a statement he made to police, however, he testified that he was bending over to pick up a pack of cigarettes when he was stabbed.

Sylvia Sims testified that she was present at the time of the stabbing. According to Sims, Barnes hit Nolley with his hand during an argument. About three or four minutes later, while Barnes was sitting on the sofa, Nolley stabbed him with the knife. Sims testified that the two were not arguing at the time of the stabbing. She said that Nolley was cursing after she stabbed Barnes, and that Nolley remained in the trailer after the stabbing.

Nolley contends that she was justified in stabbing Barnes because he was the aggressor in the argument and was falsely imprisoning her at the time of the stabbing. Under OCGA § 16-3-21 (a), a person is justified in using force against another

> when and to the extent that he reasonably believes that such . . . force is necessary to defend himself or a third person against such other's imminent use of unlawful force; however, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person or to prevent the commission of a forcible felony.

Whether the circumstances justify the defendant's response is a question for the jury.[2]

In this case, there was evidence that Nolley and Barnes were no longer arguing at the time of the stabbing, and that Barnes was simply sitting on the sofa. Although Nolley contends that "a person who reasonably feels herself threatened by unlawful force need not

---

[1] *Jackson v. State*, 236 Ga. App. 260-261 (511 SE2d 615) (1999).
[2] *McMichael v. State*, 194 Ga. App. 225 (390 SE2d 120) (1990).

wait until she is injured to act," she did not testify at trial and presented no evidence that she in fact felt threatened at the time or believed that stabbing Barnes was necessary to protect herself from the imminent use of unlawful force. The fact that she did not immediately leave the trailer after stabbing Barnes suggests that she did not stab him in order to escape from false imprisonment.[3] Under these circumstances, the question of justification was for the jury, and the trial court did not err in denying Nolley's motion for directed verdict.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 15, 1999.

*James E. Millsaps*, for appellant.
*Alan A. Cook, District Attorney*, for appellee.

---

[3] See generally *Hagans v. State*, 187 Ga. App. 216, 217 (3) (369 SE2d 536) (1988) (questions of reasonable fears and "cooling time" are for the jury).