## S99A0728. WILCOX v. THE STATE.
(522 SE2d 457)

THOMPSON, Justice.

A jury found Darrell Ramon Wilcox guilty of malice murder, felony murder with the underlying felony of aggravated assault, possession of a firearm during commission of a crime, and possession of cocaine with intent to distribute.[1] His sole contention on appeal is that the trial court committed reversible error in refusing to sever the controlled substance offense, as well as a charge of giving a false name to a law enforcement officer, from the other charges for trial.[2] Finding no error, we affirm.

Eyewitnesses observed the victim, Anthony Pridgeon, emerge from a rooming house from which crack cocaine was sold. An argument ensued between Wilcox and Pridgeon in the street in front of the crack house. Wilcox, who was the aggressor in the altercation, fired three shots, killing Pridgeon. Several people were in the vicinity of the rooming house for the purpose of buying crack cocaine. Two witnesses observed the shooting and identified Wilcox as the perpetrator, both from photographic displays shown to them shortly after the event, as well as at trial.

Wilcox was arrested about a month later. A search incident to his arrest disclosed a quantity of crack cocaine concealed on his person.

---

[1] The shooting occurred on November 14, 1996. A true bill of indictment was returned on February 26, 1997, charging Wilcox with malice murder; felony murder with the underlying felony of aggravated assault; possession of a firearm during commission of a crime; possession of cocaine with intent to distribute; and giving a false name to a law enforcement officer. Trial commenced on January 12, 1998, and the jury returned its verdict on January 15, 1998. The trial court vacated the felony murder conviction, and Wilcox was sentenced on February 5, 1998, to life in confinement for murder plus five consecutive years for the firearms possession offense and thirty concurrent years for the controlled substance offense. A motion for new trial was filed on February 10, 1998, amended on May 6, 1998, and denied on August 24, 1998. A notice of appeal was filed on September 22, 1998. The case was docketed in this Court on February 19, 1999, and oral argument was heard on May 17, 1999.

[2] Wilcox was acquitted of the latter offense. However, an acquittal does not necessarily negate the prejudice which may result from improper joinder. See *Carter v. State*, 261 Ga. 344 (1) (404 SE2d 432) (1991).

1. The evidence was sufficient to enable a rational trier of fact to find Wilcox guilty of the charged offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In *Dingler v. State*, 233 Ga. 462, 463 (211 SE2d 752) (1975), this court adopted the ABA Standards on Joinder of Offenses, holding that two or more offenses may be joined as separate counts of one indictment where "'both: (a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct *or on a series of acts connected together or constituting parts of a single scheme or plan.*'" (Emphasis supplied.)

*Dingler* was further explained in *Terry v. State*, 259 Ga. 165, 168 (1) (377 SE2d 837) (1989), as follows:

> [W]here multiple offenses have been joined solely on the ground that they are of the same or similar character, the defendant has an absolute right to a severance of the offenses. Where, however, two or more offenses are joined on grounds that they are of the same or similar character, and are part of a single scheme or plan, or are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, the trial court, in its discretion, should grant a severance of offenses if it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each charge; in this regard, the question for decision is whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

The State's theory of the crime was that Wilcox killed Pridgeon as a result of a soured cocaine deal. In a statement made to a fellow inmate, Wilcox revealed that the killing "was over dope, it wasn't over nothing but dope." Wilcox further told that inmate that he went to the rooming house to attempt to collect money from the victim; and when the victim failed to pay, Wilcox shot and killed him.[3] Thus, the possession charge was so connected to the murder as to constitute a series of connected acts. See *Bland v. State*, 264 Ga. 610 (2) (449 SE2d 116) (1994) (cocaine use and homicide were part of the same continuous scheme to obtain drugs where defendant spent the day of

---

[3] The inmate gave a videotaped statement to police during which he related Wilcox's jailhouse disclosures. The videotape was introduced into evidence through the investigating officer and was admitted without objection. Those portions in which Wilcox was implicated were played for the jury. However, when the inmate testified at trial, he recanted his statement and denied any knowledge of Wilcox.

the murders engaged in a series of acts to obtain money for drugs).

Where, as here, joinder is based on a series of acts connected together and constituting part of a single plan or scheme, severance lies within the sound discretion of the court. *Dingler*, supra; *Bright v. State*, 265 Ga. 265 (7) (455 SE2d 37) (1995). In those circumstances, severance should be granted when necessary "to promote a fair determination of . . . guilt or innocence of each offense." *Dingler* at 463. In acquitting Wilcox of the false name offense, the jury demonstrated its ability to distinguish the evidence and fairly apply the law. Likewise, the evidence of possession of cocaine and the law related thereto was not so complex or confusing as to require a severance of the possession offense. Moreover, the crime of possession was a related offense because it was a circumstance of Wilcox's arrest for the homicide. *Roundtree v. State*, 270 Ga. 504 (3) (511 SE2d 190) (1999); *Carter v. State*, 269 Ga. 420 (3) (499 SE2d 63) (1998). We find no abuse of discretion in the court's refusal to grant a severance of offenses.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 1999.

*Stephen R. Yekel*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General*, for appellee.

S99G0742. IN RE M. C. J. et al.
(523 SE2d 6)