## A00A1194. CARTER v. THE STATE.
### (537 SE2d 706)

JOHNSON, Chief Judge.

Late at night on September 7, 1996, Tonya Davis and Ira Gresham were walking near James Carter's home when Carter pulled up in a car beside them. Carter and Gresham began arguing, Carter got out of the car, and a fight ensued. Davis tried to intervene, and Carter stabbed both Davis and Gresham with a knife. Carter fled from the scene. Several days later, he was arrested for the stabbings. The day after his arrest, Carter was released from jail on a bond.

Two and a half months later, on the night of November 22, Davis and her friend Dubie Lewis were walking near Carter's home when Carter again pulled up in a car. Carter got out of the car and walked toward Davis and Lewis. He had a knife and threatened to kill Davis and others because, he said, he was going to jail for the prior stabbings. Carter then grabbed Davis, repeatedly swung and pointed the knife at her, forced her into his car, and then drove around the area while continuing to threaten Davis with the knife. A police officer eventually stopped the car and arrested Carter.

Based on the September stabbings, a two-count indictment charged Carter with aggravated assault against Davis and aggravated assault against Gresham. A separate indictment, based on the November incident, charged Carter with the aggravated assault and kidnapping of Davis. The indictments were tried together before a jury, which found Carter guilty of all charges.

Carter appeals from the convictions. He argues that the evidence is insufficient to support his aggravated assault conviction for the September stabbing of Davis and that the court erred in joining the indictments for a single trial. Because the arguments are without merit, we affirm Carter's convictions.

1. Carter contends that he had no intent to stab Davis during his fight with Gresham and that he only inadvertently stabbed her when she tried to stop the fight. Thus, he concludes, there is insufficient evidence to support his aggravated assault conviction for stabbing Davis. The contention is unpersuasive for two reasons.

First, contrary to Carter's claim, the evidence does not mandate a finding that he stabbed Davis inadvertently. The evidence shows that Davis got between Carter and Gresham to break up their fight, that she turned her back to Carter, and that she was facing Gresham when Carter stabbed her in the back. Based on that evidence, the jury could have found that Carter intentionally stabbed Davis.[1]

Second, even if Carter inadvertently stabbed Davis, the jury still

---

[1] See *Weathers v. State*, 160 Ga. App. 581 (1) (287 SE2d 565) (1981).

could have found him guilty of aggravated assault under the doctrine of transferred intent. Under that doctrine, when an unintended victim is injured because of an unlawful act directed against someone else, the law transfers the original intent from the one against whom it was directed to the one who actually suffered from it.[2] In this case, the jury could have found that Carter's unlawful intent to stab Gresham was transferred to Davis when he inadvertently stabbed her in the back as she intervened in the fight.[3]

We do not know upon which basis the jury found Carter guilty of aggravated assault for stabbing Davis. But on either basis there was sufficient evidence to support the jury's finding of guilt beyond a reasonable doubt.[4]

2. Carter complains that the court abused its discretion in joining the indictments for trial. Contrary to the complaint, we find no error in the joinder of the indictments.

Offenses may be joined for trial if they are based on conduct which is so similar that it shows a common scheme, plan, bent of mind, or modus operandi.[5] Here, Carter's conduct during both the September and November incidents was sufficiently similar to show a common scheme, plan, bent of mind, and modus operandi. Both incidents occurred late at night near Carter's home. Both times Davis was walking with a male companion when Carter stopped beside them in a car. And in both incidents Carter got out of the car and attacked Davis with a knife. Because Carter's similar conduct during both incidents evinced his common scheme, plan, bent of mind, and modus operandi, the trial court did not abuse its discretion in joining the indictments for trial.[6]

Moreover, offenses may be joined for trial where they constitute a series of connected acts.[7] In the instant case, Davis testified that during the November incident, Carter threatened to kill her and others because he was going to jail anyway for the September stabbings. Thus, the November attack on Davis was connected to the prior attack, and the court properly exercised its discretion in joining a series of connected acts for trial.[8]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

---

[2] *Happoldt v. State*, 267 Ga. 126, 127 (1) (b) (475 SE2d 627) (1996).

[3] See *Harris v. State*, 233 Ga. App. 696, 697-698 (1) (505 SE2d 239) (1998).

[4] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] *Smith v. State*, 225 Ga. App. 553 (1) (484 SE2d 515) (1997) (physical precedent); *Johnson v. State*, 213 Ga. App. 194 (1) (444 SE2d 334) (1994).

[6] See *Smith v. State*, 199 Ga. App. 410, 411 (2) (405 SE2d 107) (1991).

[7] *Wilcox v. State*, 271 Ga. 544, 545-546 (2) (522 SE2d 457) (1999).

[8] See id. at 546 (2).

DECIDED JULY 21, 2000.

*Henry A. Hibbert*, for appellant.

*Paul L. Howard, Jr., District Attorney, George W. K. Snyder, Jr., Assistant District Attorney*, for appellee.