A03A2493. HAZELWOOD v. THE STATE.
(595 SE2d 564)

PHIPPS, Judge.

Jimmy Hazelwood appeals his aggravated assault conviction, arguing that the evidence was insufficient to support the verdict. Because the evidence was sufficient, we affirm.

In reviewing a challenge to the sufficiency of the evidence to support a criminal conviction, we view the record in the light most favorable to the verdict.

We do not weigh the evidence or determine witness credibility, but only determine whether the evidence was sufficient to enable any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make the State's case, we will uphold the verdict.[1]

Viewed most favorably to the verdict, the evidence showed that the victim, Matthew Shawn Green, entered the home of his grandmother and her husband, Hazelwood. Hazelwood, who was sitting in a chair in the living room, was "cussing [Green's] grandmother and just yelling, basically." Green asked Hazelwood "why he was being such an asshole." Hazelwood told Green to leave, but Green responded that it was his grandmother's house and he would leave only at her request. Hazelwood, who kept a bowl of knives beside the chair, threatened to cut Green if he did not leave. Hazelwood then kicked Green's legs and stabbed him in the abdomen with a knife. Green suffered internal injuries necessitating three surgeries and a five-week hospital stay.

Green's girlfriend, Crystal Leatherwood, testified that she was standing in the doorway to the living room when the incident happened. Green and Hazelwood were arguing, and she heard Hazelwood say that he had a knife and was going to stab Green. Although Leatherwood did not see the knife before the blade entered Green's body, she saw Hazelwood make a stabbing motion, and she saw the knife after Green was stabbed. According to Leatherwood, Green never touched Hazelwood.

Hazelwood told a different story. He said that Green hit him in the head with a beer bottle as he attempted to rise from the chair, causing him to fly backward. The next thing Hazelwood knew, other people in the house were yelling that he had hurt Green. Hazelwood surmised that, although he did not recall doing so, he must have instinctively grabbed the knife after Green hit him. He denied threatening or intentionally stabbing Green.

Hazelwood argues that "[t]he evidence was in conflict, and did not exclude the possibility that Mr. Green's injury was due to his own actions, and a momentary, unintentional act on the part of Mr. Hazelwood, who was reasonably in fear of Mr. Green." But whether the stabbing was accidental or deliberate was a matter for the jury,[2]

---

[1] (Footnote omitted.) *Nolley v. State*, 240 Ga. App. 382-383 (523 SE2d 579) (1999).

[2] See id. at 383.

which was given instructions on criminal intent, self-defense, and accident. The jury obviously rejected Hazelwood's version of the events, and we cannot second-guess its credibility determination. Because the evidence was sufficient to find Hazelwood guilty beyond a reasonable doubt of aggravated assault, we affirm.[3]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 19, 2004.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.

---

[3] See *Brown v. State*, 258 Ga. App. 78, 79-80 (1) (573 SE2d 110) (2002); *Silas v. State*, 247 Ga. App. 792 (545 SE2d 358) (2001); *Carter v. State*, 245 Ga. App. 275 (1) (537 SE2d 706) (2000).