A06A0304. JOHNSON v. THE STATE.
(630 SE2d 661)

JOHNSON, Presiding Judge.
A jury found Earl Cecil Johnson guilty of aggravated assault, possession of a firearm during the commission of a crime, and

---

possession of a firearm by a convicted felon. Johnson appeals, challenging the sufficiency of the evidence to support the verdict. Specifically, he maintains that the victim's identification of him as the assailant was not credible. We affirm the convictions.

In reviewing a challenge to the sufficiency of the evidence to support a criminal conviction, this Court views the record in the light most favorable to the verdict.[1] We do not weigh the evidence or determine witness credibility, but only determine whether the evidence was sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.[2] Conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve.[3] As long as there is some competent evidence, even though contradicted, to support each fact necessary to make the state's case, we will uphold the verdict.[4]

So viewed, the evidence shows that Eugene Curry was picking up his girlfriend from high school when Lorenzo Williams pulled his car alongside Curry's car. Williams then drove to a nearby parking lot and spoke with Johnson. Curry got out of his car and walked over to Williams' car. Johnson pulled out a gun. Curry returned to his car and left the scene.

One night, about two months later, Curry was driving through the parking lot of a nightclub when he noticed Williams' car. Curry decided to leave. As he was driving home, Curry realized he was being followed. Curry eventually stopped his car, opened the door, and looked back. Johnson jumped out of the car behind him, shouted "what's up now — what's up now . . . ," and fired two or more shots at Curry. One of the bullets hit Curry's car. Curry ran home, and Johnson sped away in a car.

Curry called the police, who took him to the police station for questioning. He gave investigators a description of his assailant and told them the man's name was Earl. Officers created a photographic lineup of men named Earl, and showed the photographs to Curry. Curry selected Johnson's photograph from the lineup. He also positively identified Johnson at trial as his assailant. Johnson confessed to investigators that he committed the crimes, and his taped statement was played for the jury. At trial, Johnson denied having committed the crimes and said he confessed only because he was frightened and intimidated by police.[5]

---

[1] *Hazelwood v. State*, 265 Ga. App. 709 (595 SE2d 564) (2004).

[2] Id. at 710.

[3] Id.

[4] Id.

[5] A *Jackson-Denno* hearing was held prior to trial, and the confession was found to be voluntary.

Johnson argues that Curry misidentified him as the man who fired the gun. He points to conflicts in the evidence regarding the assailant's hairstyle and Johnson's hairstyle at the time the incident occurred. This argument presents no basis for reversal.

When an eyewitness identifies a defendant, the eyewitness' credibility is a matter for the jury to decide.[6] In this case, the victim testified that he knew Johnson from a previous encounter, and that he was able to see Johnson's face during the incident because the area was illuminated by car headlights and a streetlight. He was able to tell police Johnson's first name and positively identify him in a photographic lineup immediately after the crimes occurred, and then again at trial.

The evidence authorized a rational trier of fact to find Johnson guilty of the crimes charged beyond a reasonable doubt.[7]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MAY 2, 2006.

*James C. Walker*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[6] *Elder v. State*, 249 Ga. App. 868, 869 (1) (549 SE2d 825) (2001).
[7] See id.; *Ferguson v. State*, 232 Ga. App. 616 (502 SE2d 556) (1998).