A07A0684. WINFREY v. THE STATE.
(650 SE2d 262)

BERNES, Judge.

A Fulton County jury convicted Tarik Winfrey of aggravated assault, possession of a firearm during commission of a felony, and possession of a firearm by a convicted felon. Winfrey appeals, contending that the trial court erred (1) in denying his challenge to the sufficiency of the evidence supporting his conviction for aggravated assault; (2) in denying his motion to suppress his pretrial statement admitting that he shot the victim; (3) in denying his motion in limine seeking to exclude evidence that he offered to pay the victim for not

testifying at trial; (4) in admitting over his objection testimony that the investigating detective was confident Winfrey was responsible for the victim's shooting; and (5) in restricting his voir dire examination. Winfrey further contends that he received ineffective assistance of counsel. For the reasons that follow, we find no harmful error and affirm.

1. Winfrey challenges the sufficiency of the evidence supporting his conviction for aggravated assault. He argues that the victim's version of events was inconsistent with the physical evidence and that the verdict is against the weight of the evidence. "We note, however, that '(t)he weight of the evidence is a matter for consideration in the trial court, not this court, which considers the sufficiency of the evidence. (Cit.)' " (Citation omitted.) *Washington v. State*, 283 Ga. App. 570, 571 (642 SE2d 199) (2007).

> In reviewing a challenge to the sufficiency of the evidence to support a criminal conviction, this Court views the record in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility, but only determine whether the evidence was sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.

(Footnotes omitted.) *Johnson v. State*, 279 Ga. App. 153, 154 (630 SE2d 661) (2006). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)

So viewed, the evidence adduced at trial shows that the victim was arguing with some individuals in her neighborhood when Winfrey drove up to the scene and stated, "I bet you won't hit him, Shortie. . . ." The victim told Winfrey to "mind [his] business," and hit Winfrey's car with a stick. Angry that the victim had hit his car, Winfrey briefly argued with the victim and left the scene.

Approximately 15 minutes later, Winfrey returned to the scene with his girlfriend, co-defendant Markeesa Smith. Winfrey exited the car, and Smith, who was driving, twice attempted to hit the victim with the car. The victim managed to avoid being struck by jumping atop a retaining wall. Winfrey then got back into the car, shot the victim with a handgun, and fled the scene with Smith.

Shortly thereafter, the police began to pursue Winfrey and Smith. During the pursuit, Winfrey threw a handgun from the car, jumped out of the car, and ran. The handgun that Winfrey discarded was recovered by the police, but Winfrey absconded.

While the victim was in the hospital recovering from her gunshot injuries, she was shown a photographic lineup of suspects that included Winfrey's photograph. The victim, who had seen Winfrey on

several occasions prior to the shooting, knew Winfrey by the name of Taurus. She selected Winfrey's photograph as depicting the perpetrator who shot her.[1]

Winfrey was later apprehended in Danielsville. An officer from the Atlanta Police Department's Fugitive Team transported Winfrey from Danielsville back to Atlanta. During the transport, Winfrey described the events leading up to the shooting and admitted that "the [events] went crazy and [Winfrey] shot the gun and [the bullet] struck [the victim]."

This evidence, including Winfrey's statement admitting that he shot at the victim, was sufficient to sustain Winfrey's conviction of aggravated assault. OCGA § 16-5-21 (a) (2); *Green v. State*, 267 Ga. 847 (483 SE2d 588) (1997). Any inconsistencies in the evidence were for the jury to resolve. *Watley v. State*, 281 Ga. App. 244, 248 (635 SE2d 857) (2006). "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make the state's case, we will uphold the verdict." *Johnson*, 279 Ga. App. at 154. Any rational trier of fact could have found Winfrey guilty of aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. at 307.

2. Winfrey further contends that the trial court erred in denying his motion to suppress the pretrial admissions he made to the Fugitive Team detective because he had not been advised of the *Miranda* warnings. We disagree.

Evidence at the *Jackson-Denno*[2] hearing showed that Winfrey made the challenged statements while he was being transported from Danielsville to Atlanta. The transporting officer explained to Winfrey that he was a fugitive detective, that he did not investigate cases, and that he would not ask Winfrey any questions. He also advised Winfrey not to tell him any facts about the case. Indeed, the officer did not ask Winfrey any questions or request any information during the transport. Winfrey nevertheless made a spontaneous statement to the officer, describing the incident and admitting that he fired the gun at the victim.

The trial court found that although Winfrey was in custody at the time of his statement, he was not being interrogated and, thus, the officer was not required to read Winfrey his *Miranda* rights. See *Collins v. State*, 267 Ga. App. 784, 787 (4) (600 SE2d 802) (2004) ("The State is not required to show that *Miranda* warnings were given before introducing evidence of a custodial statement which was not obtained through interrogation but was volunteered by the suspect.")

---

[1] The victim also made an in-court identification of Winfrey as the perpetrator at the trial.

[2] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

(citations and punctuation omitted). The trial court further concluded that Winfrey's statement was voluntarily given and, thus, was admissible.

"A trial court's findings of fact and credibility following a *Jackson-Denno* hearing must be accepted by an appellate court unless clearly erroneous." (Citation omitted.) *Jack v. State*, 245 Ga. App. 216, 219 (5) (536 SE2d 235) (2000). The evidence presented supports the trial court's finding that Winfrey's inculpatory statements to the officer were not the product of an interrogation or its functional equivalent and were freely and voluntarily given. "Voluntary, spontaneous outbursts that are not made in response to any form of custodial questioning or interrogation are admissible at trial." (Citation and punctuation omitted.) *State v. Davison*, 280 Ga. 84, 87-88 (2) (623 SE2d 500) (2005). Accordingly, the trial court did not err in denying Winfrey's motion to suppress. See *Metts v. State*, 270 Ga. 481, 483-484 (3) (511 SE2d 508) (1999); *Jack*, 245 Ga. App. at 219 (5).

3. Winfrey next claims that the trial court erred in denying his motion in limine seeking to prohibit the victim from testifying that prior to trial, Winfrey approached her and asked whether he could "give [her] some money for not coming to court." Winfrey's trial counsel was given notice of the testimony, which had not previously been reduced to writing or recorded, on the Friday before the Monday start of trial. Winfrey argues that the state was required to give him timely pretrial notice of this evidence in accordance with OCGA § 17-16-7[3] and that because the state failed to do so, the evidence should not have been admitted at trial.

The statutory obligation of OCGA § 17-16-7 "is not triggered when a witness merely makes an oral statement. There can be no 'possession, custody, or control' of a witness' statement which has neither been recorded nor committed to writing." *Forehand v. State*, 267 Ga. 254, 255-256 (3) (477 SE2d 560) (1996). See also OCGA § 17-16-1. Under these circumstances, no discovery violation has been shown, and the trial court did not err in denying Winfrey's motion. See *Holmes v. State*, 275 Ga. 853, 855 (6) (572 SE2d 569) (2002); *Forehand*, 267 Ga. at 255-256 (3).[4]

---

[3] OCGA § 17-16-7 provides, in relevant part, that

[n]o later than ten days prior to trial or at such time as the court permits, . . . the prosecution . . . shall produce for the opposing party any statement of any witness that is in the possession, custody, or control of the state or prosecution . . . that relates to the subject matter concerning the testimony of the witness that [it] intends to call as a witness at trial.

[4] We nevertheless note that Winfrey's trial counsel was given an opportunity to interview and did interview the victim about this statement prior to her testimony at trial. He did not thereafter move for a continuance or request any additional time for preparation. See *Moss v. State*, 275 Ga. 96, 100-101 (7) (561 SE2d 382) (2002) (defendants' failure to request a

4. Winfrey also contends the trial court erred in admitting over objection testimony from the investigating detective affirming that the detective was confident Winfrey was responsible for the victim's shooting. Winfrey claims that the detective's testimony invaded the factfinding province of the jury. The state concedes that error occurred and we agree as well. "The issue in this case is whether [Winfrey shot the victim]. That is a matter for jury determination, and no part of such an inquiry can be said to be beyond the ken of the average layman." (Citation and punctuation omitted.) *Fordham v. State*, 254 Ga. 59, 59-60 (4) (325 SE2d 755) (1985). See also *Shafer v. State*, 285 Ga. App. 748, 749 (1) (647 SE2d 274) (2007); *Grude v. State*, 189 Ga. App. 901, 903 (2) (377 SE2d 731) (1989); *Carroll v. State*, 185 Ga. App. 857, 859 (1) (366 SE2d 232) (1988).

Nonetheless, it is axiomatic that harm, as well as error, must be shown for reversal. *Reed v. State*, 248 Ga. App. 107, 110 (2) (545 SE2d 655) (2001). In view of evidence showing that the victim knew Winfrey and identified him as her assailant and further that Winfrey confessed to the shooting, it is highly probable that the error did not contribute to the jury's verdict. See *Dickerson v. State*, 207 Ga. App. 241, 241-242 (2) (427 SE2d 591) (1993).

5. Winfrey argues that the trial court improperly restricted his voir dire examination by disallowing Winfrey to ask potential jurors whether they believed that a person's body language speaks louder than words and whether they had heard of the phrase, "[Hell] hath no fury like a woman scorn[ed]." We discern no error.

> The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. [Winfrey's] proposed questions, however, sought not to ferret out bias or impartiality, but to find jurors amenable to the defense his lawyer would attempt to argue.[5]

(Citation and punctuation omitted.) *Meeks v. State*, 216 Ga. App. 630, 632 (4) (455 SE2d 350) (1995). The trial court did not abuse its discretion in disallowing the proffered questions. See also *Henderson v. State*, 251 Ga. 398, 400 (1) (306 SE2d 645) (1983) ("Questions

---

continuance to cure any prejudice which may have resulted from the state's failure to comply with its discovery obligations waived their right to assert error on appeal stemming from the alleged discovery violation).

[5] At trial, Winfrey asserted that the victim lied and blamed Winfrey for shooting her because Winfrey had spurned her and began dating co-defendant Smith. Winfrey also asserted that the victim's body language would show that she was not being truthful.

seeking to test the prospective jurors' willingness to accept defenses have been disallowed and upheld on appeal.").

6. Finally, Winfrey contends that he received ineffective assistance of counsel. He argues that his trial counsel was deficient in many respects, including inter alia: (a) failing to move for a mistrial based on an allegedly improper closing argument by the prosecutor; (b) failing to adequately present and subpoena witnesses; and (c) failing to adequately investigate the facts and the applicable law.

> In order to show ineffective assistance of counsel, [Winfrey] must demonstrate that his attorney's trial performance was deficient and that the deficient performance so prejudiced [Winfrey] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. Failure to satisfy either prong of this test is fatal to an ineffective assistance claim, and we need not address the deficient performance prong if the showing on the prejudice prong is insufficient. A trial court's ruling on a claim of ineffective assistance of counsel will be affirmed unless it is clearly erroneous.

(Footnotes omitted.) *Dukes v. State*, 285 Ga. App. 172, 174 (2) (645 SE2d 664) (2007). See also *Strickland v. Washington*, 466 U. S. 668, 686 (II) (104 SC 2052, 80 LE2d 674) (1984). Applying the *Strickland* test, the trial court determined that although Winfrey's trial counsel rendered deficient performance, his conduct did not "so undermine[ ] the proper functioning of the adversarial process that the trial [could not] be relied on as having produced a just result." *Strickland*, 466 U. S. at 686 (II). We agree.

(a) Winfrey claims that his trial counsel was ineffective for failing to move for a mistrial when the prosecutor "posited that [the victim] could have been bending over when she was shot." He claims such an argument contradicts the victim's testimony at trial. As an initial matter, we do not read the prosecutor's argument as precisely positing this theory. Regardless, we find Winfrey's claim to be without merit.

The wide latitude afforded a prosecutor in conducting closing argument encompasses the prosecutor's ability to argue reasonable inferences raised by the evidence. *Cole v. State*, 261 Ga. App. 809, 810-811 (2) (584 SE2d 37) (2003). The prosecutor's arguments are not limited to the victim's account of the incident, and instead, he or she can draw from all evidence presented during the trial. Here, the challenged argument was based upon physical evidence presented at trial, indicating that the bullet entered the victim's shoulder at a downward angle. The prosecutor's closing argument was authorized.

It thus follows that trial counsel was not ineffective on this ground. "A trial attorney's failure to make a meritless or futile motion does not provide a basis for finding that the defendant received ineffective assistance of counsel." *Brantley v. State*, 271 Ga. App. 733, 737 (2) (611 SE2d 71) (2005).

(b) Winfrey's claim that his trial counsel failed to properly file his notice of intent to present an alibi witness and failed to subpoena certain trial witnesses also fails to provide a basis for reversal. Although Winfrey contends that he may have informed his trial counsel of an alleged alibi witness, Brian Smith, no such alibi witness appeared before the trial court and no proffer was made of this witness' testimony at the motion for new trial hearing. Likewise, although Winfrey alleges that his trial counsel failed to subpoena trial witnesses, he admits that there was no failure to introduce critical testimony at trial. As such, Winfrey has failed to show prejudicial error. See *Duvall v. State*, 273 Ga. App. 143, 145-146 (3) (b) (614 SE2d 234) (2005).

(c) Winfrey further argues that his trial counsel presented several erroneous arguments and pleadings which reflected counsel's failure to adequately investigate the facts and the applicable law. Even though trial counsel may have committed several errors during the course of the representation, Winfrey has "[made no] effort beyond cursory speculation to show how [he] met the prejudice prong of the *Strickland* test." *Waits v. State*, 282 Ga. 1, 6 (4) (644 SE2d 127) (2007).

Moreover, the record demonstrates that Winfrey's trial counsel otherwise effectively advocated on Winfrey's behalf. Trial counsel made objections, cross-examined the state's witnesses, and presented witnesses in support of Winfrey's defense. The record supports the trial court's conclusion that the complained of errors did not undermine the proper functioning of the adversarial process.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JUNE 20, 2007 —
RECONSIDERATION DENIED JULY 23, 2007.

*Charles H. Frier*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.